HARRISON v DEPARTMENT OF STATE

Docket No. 51699. Submitted June 1, 1981, at Detroit.—Decided
     November 4, 1981. Leave to appeal applied for.

Roderick Harrison was discharged from a classified civil service
     position by the Michigan Department of State for conduct
     unbecoming a state employee. Harrison filed a grievance, and,
     following a hearing, the grievance was denied. He then ap-
     pealed to the Civil Service Commission which affirmed the
     decision of the hearing officer. Harrison subsequently appealed
     in Wayne Circuit Court, which affirmed the commission's deci-
     sion, John R. Kirwan, J. He appeals. *Held:*

1. The record as a whole reveals that the grievance decision
     is supported by competent, material, and substantial evidence.

2. The required standard of conduct which the petitioner was
     found to have breached and which formed the basis for his
     dismissal is not so vague as to be violative of his constitutional
     rights. The specific conduct which led to the charges against
     the petitioner is prohibited in an employee handbook, substan-
     tially narrowing the scope of the standard. The petitioner was
     given adequate notice of the basis for his dismissal.

3. The petitioner was not denied due process of law because
     his hearing on his grievance was held subsequently to his
     discharge. Due process requires that a hearing be held at a
     meaningful time and in a meaningful manner, there was a
     substantial state interest in protecting the public from further
     abuse, and the deprivation of the petitioner's property right
     was not final until the completion of the grievance and appeals
     procedures.

Affirmed.

1. CIVIL SERVICE — STANDARDS OF CONDUCT — CONSTITUTIONAL LAW.

A standard of conduct for state employees promulgated by the
     Civil Service Commission which is vague, nevertheless may

REFERENCES FOR POINTS IN HEADNOTES

[1] 15A Am Jur 2d, Civil Service § 10.
[2] 15A Am Jur 2d, Civil Service § 61.
[3] 15A Am Jur 2d, Civil Service §§ 68, 74.

survive a challenge on constitutional grounds where prior construction of the regulation narrowed its scope and supplied considerable specificity by way of examples of conduct or where the regulation, by its terms or as authoritatively construed, applies without question to certain activities, but application to other behavior is uncertain.

2. CIVIL SERVICE — STANDARDS OF CONDUCT — VAGUENESS.

The rule of the Michigan Department of State which explicitly prohibits acceptance of money by an employee of the department under circumstances involving influence upon his work constitutes a standard of conduct for such employees sufficient to justify dismissal upon its violation as "conduct unbecoming a state employee", and the scope of the standard is sufficiently narrow as to withstand a constitutional challenge on the ground of vagueness.

3. CIVIL SERVICE — DUE PROCESS.

Due process does not require that a hearing be held in every case prior to the discharge of an employee by the Department of State, but only that a hearing be held at a meaningful time and in a meaningful manner; where a state employee is charged with a serious infraction of a standard of conduct involving a fraud on the public, there is a substantial state interest in protecting the public from such abuse, and where in addition grievance and appeals procedures provide for a meaningful hearing which could result in the reinstatement of a discharged employee with full back benefits should the case be resolved in his favor, the deprivation of the employee's property right does not become final until the procedures are complete, and his due process rights are protected.

*Gary A. Colbert* and *Paul J. Fealk,* for petitioner.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Stephen H. Garrard,* Assistant Attorney General, for respondent.

Before: BRONSON, P.J., and R. M. MAHER and F. X. O'BRIEN,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

Per Curiam. Petitioner appeals by right the order of the circuit court affirming a decision of the State Civil Service Commission which in turn had upheld petitioner's discharge from his classified civil service position.

Petitioner was employed by the Michigan Department of State. His duties involved interviewing and testing problem drivers, verifying driving violation records, and related tasks. On January 11, 1977, petitioner was dismissed from his employment for "conduct unbecoming a state employee" pursuant to Civil Service Commission Rule 32.1b. More specifically, he was charged with attempting to defraud a driver improvement client, Max Allen VanDien, of $50, and with actually defrauding the same client of $7 to $8 under the pretense of allowing the client to retain his driver's license.

Petitioner filed a grievance, and, in May of 1978, the matter came to a fourth-step grievance hearing. The complainant testified at the hearing that petitioner solicited a $50 bribe and two days later accepted $7.50 in exchange for allowing complainant to retain his driver's license. Petitioner, on the other hand, testified that complainant had made several bribe offers, all of which were ignored. He further testified that after these offers were made an error in the records was discovered which revealed that complainant's license was not, in fact, currently in jeopardy. Petitioner stated that when he informed complainant of this fact the complainant was so elated that he thrust a small amount of cash into petitioner's hand and quickly hurried away. Petitioner testified that he considered the money a "tip" and kept it. On June 19, 1978, the hearing officer issued a decision denying the grievance and upholding petitioner's discharge. On

April 23, 1979, the State Civil Service Commission affirmed the hearing officer's decision. The matter was then appealed to the circuit court which, as noted above, affirmed the commission's decision.

Addressing petitioner's first contention, we believe the grievance decision is well-supported by competent, material, and substantial evidence on the whole record. The analysis of the key issue of credibility is well-reasoned and consistent.

Petitioner argues secondly that the standard of "conduct unbecoming a state employee" is unconstitutionally vague because it fails to provide adequate notice of the conduct being proscribed. Several panels of this Court have found similar departmental rules to be unconstitutional. *Golembiowski v Madison Heights Civil Service Comm,* 93 Mich App 137; 286 NW2d 69 (1979), *lv den* 408 Mich 893 (1980), *Sponick v Detroit Police Dep't,* 49 Mich App 162; 211 NW2d 674 (1973). See also *Civil Service Comm of the City of Hamtramck v Pitlock,* 44 Mich App 410; 205 NW2d 293 (1973).

In *Rinaldi v City of Livonia,* 69 Mich App 58, 66; 244 NW2d 609 (1976), this Court, quoting from *Parker v Levy,* 417 US 733; 94 S Ct 2547; 41 L Ed 2d 439 (1974), recognized three circumstances in which an otherwise vague standard might be found to be constitutional, two of which are relevant to the instant case:

"(1) Prior construction of the regulation narrowed its scope and supplied 'considerable specificity by way of examples of the conduct'. 417 US 754; 94 S Ct 2561; 41 L Ed 2d 456. (2) The regulations 'by their terms or as authoritatively construed apply without question to certain activities, but whose application to other behavior is uncertain'. 417 US 755-756; 94 S Ct 2561; 41 L Ed 2d 457."

See *People v Howell,* 396 Mich 16; 238 NW2d 148 (1976). In the instant case an employee handbook, entitled "In the Public Service", explicitly prohibits the acceptance of money under circumstances involving influence upon the employee's work. This substantially narrows the scope of the standard. Moreover, petitioner cannot argue seriously that solicitation and acceptance of a bribe are outside the purview of "conduct unbecoming a state employee". Petitioner reasonably should have understood that his activities were proscribed by the standard. Accordingly, the instant case is clearly distinguishable from *Golembiowski.*

Petitioner next argues that the hearing officer erred in considering petitioner's admitted acceptance of a "tip" on the basis that such activity is not prohibited by the Civil Service Rules nor specifically charged in the present case and that reversal is required. Under the facts of this case, we believe the acceptance of a tip is within the "conduct unbecoming a state employee" standard. The acceptance of money may involve influence upon the employee's work, regardless of its timing and regardless of whether it is termed a "bribe" or "tip". Petitioner was given adequate notice of the basis for his discharge. Furthermore, it is clear that the grievance decision was based on the solicitation and acceptance of a bribe, rather than the acceptance of a "tip".

Petitioner's fourth argument is that he was denied due process of law because he was not afforded a hearing prior to being discharged. Due process, however, does not require a prior hearing in every case. *Detroit Board of Education v Parks,* 98 Mich App 22; 296 NW2d 815 (1980). Due process requires that a hearing be held "at a meaningful time and in a meaningful manner". *Arm-*

*strong v Manzo,* 380 US 545, 552; 85 S Ct 1187; 14 L Ed 2d 62 (1965). Petitioner in the case at bar was charged with a serious infraction involving a fraud on the public. There was a substantial state interest in protecting the public from further abuse. The grievance and appeals procedures provide for a timely evidentiary hearing which may result in reinstatement of the employee's position with full back pay and benefits should the state fail to prove its case. Accordingly, deprivation of the employee's property right is not final until these procedures are completed. We believe these procedures adequately protect the employee's due process rights.

We have examined the remaining arguments raised by petitioner in light of the record and find that none require reversal.

Affirmed.