CAMERON v DEPARTMENT OF STATE POLICE

Docket No. 75033. Submitted July 18, 1984, at Lansing.—Decided November 19, 1984.

Robert J. Cameron, a supervisory officer of the Michigan State Police, tape recorded the testimony of a subordinate fingerprint expert, Trooper Zang, while he was testifying in court. Trooper Zang filed an administrative complaint against Cameron alleging that Cameron had tape recorded the testimony without the knowledge or consent of Zang or of the court in violation of the Administrative Rules of the Michigan Supreme Court and the terms of the Michigan State Police Troopers Association's collective-bargaining agreement with the State of Michigan. A departmental investigation was conducted, after which a written warning charging that Cameron had violated the Administrative Rules of the Michigan Supreme Court and the collective-bargaining contract was placed in Cameron's file. Cameron filed a grievance challenging the propriety of the written notice and unsuccessfully pursued the grievance through all three stages of the Civil Service Commission's grievance and appeals procedure. The written warning was expunged from Cameron's file approximately eleven months after it was issued. In the meantime, Zang filed another administrative complaint, this time against Cameron and other supervisory personnel, alleging that the supervisory personnel in question had conspired to "purge" him from the unit to which he was assigned. An investigatory hearing was scheduled, but Cameron's choice of representation for the hearing was denied and the hearing cancelled. Cameron and the Michigan State Police Command Officers Association, individually and on behalf of a class of similarly situated individuals, then filed a declaratory judgment action against the Department of State Police in Ingham

REFERENCES FOR POINTS IN HEADNOTES
[1] 48A Am Jur 2d, Labor and Labor Relations §§ 1790-1792.
    15A Am Jur 2d, Civil Service § 68.
    63A Am Jur 2d, Public Officers and Employees §§ 259, 262.
[2] 2 Am Jur 2d, Administrative Law §§ 273, 274.
    15A Am Jur 2d, Civil Service § 11.
    Federal constitution as guaranteeing assistance of counsel at administrative proceedings—federal cases. 1 L Ed 2d 1865.

Circuit Court alleging that defendant denied Cameron rights which are protected by the due process clauses of the federal and state constitutions and the rules and regulations of the Michigan Civil Service Commission. The court, Jack W. Warren, J., dismissed plaintiffs' complaint, holding that plaintiffs were not entitled to any of the relief requested. Plaintiffs appealed and defendant cross-appealed, seeking review of the trial court's determination that plaintiffs were not required to exhaust administrative remedies in a timely fashion. *Held:*

1. The placing of the written warning in Cameron's file without providing him with a full evidentiary hearing did not violate his due process rights.

2. The trial court did not err in finding that Cameron did not have an absolute right to representation at investigatory interviews.

3. Defendant's cross-appeal is without merit and need not be considered.

Affirmed.

1. CIVIL SERVICE — STATE POLICE — EMPLOYEE WARNINGS — EVIDENTIARY HEARINGS — DUE PROCESS.

A Michigan State Police officer's due process rights were not violated by the placing in his employment file of a written warning to the effect that he had violated the terms of the collective-bargaining agreement between his union and the state and the Administrative Rules of the Michigan Supreme Court without first providing him with a full evidentiary hearing where he did not suffer any loss of pay, position, status, or any other right or benefit from his employment and the warning was expunged from his record within one year from the time it was placed therein.

2. CIVIL SERVICE — STATE POLICE — INVESTIGATORY INTERVIEWS — RIGHT TO REPRESENTATION.

The Michigan Civil Service Commission rules and regulations do not provide to Michigan State Police supervisory officers or the Michigan State Police Command Officers Association an absolute right to representation at investigatory interviews conducted by the Department of State Police.

*Hankins & Associates, P.C.* (by *Dan E. Hankins & Ardith J. DaFoe),* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Michael J. Hodge,* Assistant Attorney General, for defendant.

Before: DANHOF, C.J., and D. E. HOLBROOK, JR., and C. W. SIMON,* JJ.

D. E. HOLBROOK, JR., J. This action is asserted by plaintiff Lieutenant Cameron and plaintiff Michigan State Police Command Officers Association, both individually and on behalf of a class of similarly situated individuals, who are appealing as of right. This case arose when Lieutenant Cameron tape recorded the testimony of a subordinate fingerprint examiner, Trooper Zang, while he was testifying in court. Zang filed an administrative complaint, which was investigated, and, after an interview with plaintiff, a written warning was placed in plaintiff's file. This warning stated that plaintiff had violated the collective-bargaining agreement between the Police Troopers Association (MSPTA) and the state and the Administrative Rules of the Michigan Supreme Court by his recording in court without permission of Zang or the court. Although plaintiff filed all possible grievances pursuant to civil service rules and regulations, he was unsuccessful in his assertion that recording for training purposes did not violate the letter or the spirit of the Administrative Rules of the Supreme Court or the contract. This warning was removed after one year since there were no further violations.

Zang filed another complaint under Article 7, Section 19 of the MSPTA contract. Such contract demands that any discipline other than a reprimand requires an evidentiary hearing. Plaintiff's particular choice of representation for the hearing was denied. For reasons irrelevant to this lawsuit, the hearing was cancelled and not rescheduled. On appeal, plaintiffs allege that their constitutional

---

* Circuit judge, sitting on the Court of Appeals by assignment.

due process and Civil Service Commission rights were violated.

Plaintiff argues that the placing of the written warning in his employment file without providing him with a full evidentiary hearing is a violation of his due process rights. We do not agree. A thorough review of the record reveals that plaintiff did not suffer any loss of pay, position, status or any other right or benefit from his employment. As this Court said in *Crider v Michigan*, 110 Mich App 702, 728-729; 313 NW2d 367 (1981), *lv den* 414 Mich 953 (1982):

"Due process requires only that there be notice and a 'hearing appropriate to the nature of the case', *Mullane v Central Hanover Bank & Trust Co*, 339 US 306, 313; 70 S Ct 652; 94 L Ed 865 (1950), and that the hearing be held 'at a meaningful time and in a meaningful manner'. *Armstrong v Manzo*, 380 US 545, 552; 85 S Ct 1187; 14 L Ed 2d 62 (1965). The formal and procedural requisites of the hearing may vary 'depending upon the importance of the interests involved and the nature of subsequent proceedings'. *Boddie v Connecticut*, 401 US 371, 378; 91 S Ct 780; 28 L Ed 2d 113 (1971). Further, as this Court held in *Detroit Board of Education v Parks*, 98 Mich App 22, 41; 296 NW2d 815 (1980): 'Of course, due process does not require a prior hearing in every case of deprivation of a property right.' "

We find that an informal conference was consistent with the due process requirements in this case. No action was taken on the warning notice and it was expunged after one year as plaintiff had no further violations. We find no error in the lower court's opinion.

Plaintiff alleges that he was denied representation at his grievance proceedings and for the Article 7, Section 19 hearing. Plaintiff has based his argument on Section 7 of the NLRA, 29 USC 157, which provides in relevant part that, "Employees

shall have the right to * * * engage in * * * concerted activities for * * * mutual aid or protection." The United States Supreme Court has upheld a NLRB interpretation of this to prohibit an employer "from requiring any employee to take part in an investigatory interview without union representation if the employee requests representation and reasonably fears disciplinary action". *NLRB v J Weingarten, Inc,* 420 US 251,253; 95 S Ct 959; 43 L Ed 2d 171 (1975).

The analogous provisions for Michigan are the Employee Relations Policy Rules of the Civil Service Commission, 6-5.1 and 6-5.3, which are as follows:

"6-5.1 Participation.—Employees may organize, form, assist, join or refrain from joining employee organizations of their own choosing. Eligible employees may also engage in concerted activities for the purpose of collective bargaining with the employer over wages, hours and all conditions of employment except as otherwise provided herein."

"6-5.3 Self-Representation.—Employees not in an exclusively represented unit have the right to represent themselves or be represented by others of their choosing and to pursue grievances under Civil Service rules and procedures."

In his opinion of October 24, 1983, Judge Warren compared these provisions to the NLRA, Section 7, and concluded:

"Unlike § 7, the 'concerted activities' referred to in rule 6-5.1 apply only to 'bargaining with the employer.' Similarly, the right to representation referred to in rule 6-5.3 refers only to the situations cited in rule 6-5.1 and to grievance actions. Neither rule refers to concerted activities for purposes of 'mutual aid or protection,' nor do any other words used in these rules suggest that any additional protections contained in the NLRA were

meant to be adopted. Thus, the CSC rules do not provide the Plaintiffs with an absolute right to representation at investigatory interviews."

Additionally, rule 6-2.1(9) only grants the right to engage in concerted activities to "eligible employees", which does not include managerial, supervisory or confidential positions. Plaintiff is a supervisory officer.

Our review of the record shows that plaintiff was only limited to his choice of representation and we find no authority to permit unlimited representation at an Article 7, Section 19 hearing. We also find that plaintiff did not request representation in the matter of the warning.

Accordingly, we find no error in the lower court's holding and affirm the dismissal of plaintiff's claim.

We find no merit in defendant's cross-appeal and this issue need not be considered. *Diggs v State Board of Embalmers & Funeral Directors,* 321 Mich 508; 32 NW2d 728 (1948).

Affirmed.