**STATE FARM MUTUAL INSURANCE CO., an Illinois Corporation, Plaintiff-Appellant,**

v.

**Duane A. HILDERBRANDT, Administrator of the Estate of Nettie M. Bunker, et al., Defendants-Appellees.**

No. 71–1093.

United States Court of Appeals, Sixth Circuit.

July 15, 1971.

Robert W. Stocker, II, Lansing, Mich., for plaintiff-appellant; Eugene F. Townsend, Jr., Fraser, Trebilcock, Davis & Foster, Lansing, Mich., on brief.

William J. Waddell, Grand Rapids, Mich., for defendants-appellees; Dilley & Dewey, A. Newton Dilley, Grand Rapids, Mich., on brief.

Before PHILLIPS, Chief Judge, and McCREE and MILLER, Circuit Judges.

PER CURIAM.

The insurance company filed a suit for declaratory judgment as to its liability under an automobile insurance policy.

Jurisdiction is based on diversity of citizenship. Michigan law controls.

The only issue on this appeal is whether the District Court abused its discretion in dismissing the suit.

The insurance policy provided liability coverage for an automobile owned by a husband and wife. The parents gave their teenage son permission to drive the car to a student social event and thereafter to a resort. On the return trip from the resort in the late hours of the night the son became sleepy and asked his friend to drive. A two car accident involving the insured automobile and another car occurred while the friend was driving, resulting in the death of a passenger in the other car.

An action for wrongful death has been filed in the State courts of Michigan by the survivors of the crash victim, and that suit is still pending. Defendants in the State court action are the owners of the automobile insured by the appellant insurance company and the young man who was driving at the time of the accident. The driver is insured by another insurance company.

The District Court ordered that both insurance companies defend their respective insureds. Thereafter he dismissed the declaratory judgment action under authority of Zurich Insurance Co. v. Rombough, 384 Mich. 228, 180 N.W.2d 775, affirming N.W.2d 221.

We hold that the District Judge did not abuse his discretion in dismissing the action under the facts and circumstances of this case.

In Public Service Commission v. Wycoff Co., 344 U.S. 237, 241–243, 73 S.Ct. 236, 239–240, 97 L.Ed. 291, the Supreme Court, speaking through Mr. Justice Jackson, said:

"The Declaratory Judgment Act of 1934, now 28 U.S.C. § 2201, styled 'creation of remedy,' provides that in

a case of actual controversy a competent court may 'declare the rights and other legal relations' of a party 'whether or not further relief is or could be sought.' This is an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.

\* \* \* \* \* \*

"But when all of the axioms have been exhausted and all words of definition have been spent, the propriety of declaratory relief in a particular case will depend upon a circumspect sense of its fitness informed by the teachings and experience concerning the functions and extent of federal judicial power. While the courts should not be reluctant or niggardly in granting this relief in the cases for which it was designed, they must be alert to avoid imposition upon their jurisdiction through obtaining futile or premature interventions \* \* \*."

In Panhandle Eastern Pipe Line Co. v. Michigan Consolidated Gas Co., 177 F.2d 942, 944 (6th Cir.), this court, speaking through Judge Simons, said:

"The granting of a declaratory judgment, however, depends upon the exercise of a sound judicial discretion and is conditioned by statutory requirement and adjudicated principles. Section 2201, Title 28 U.S.C.A. \* \* \*."

The Michigan rule was stated by the present Chief Justice of that State in Zurich Insurance Co. v. Rombough, *supra*:

"[W]e feel compelled to speak out against a practice which has unnecessarily delayed the trial of the law action brought by plaintiff Latz in the circuit court for the County of Clinton on September 9, 1965. Regardless of whether Latz is entitled to a judgment for damages, the progress of his case should not have been stopped while a nonparty insurer contests, in a separate action, its obligation to defend defendant Rombough.

"The declaratory judgment procedure was not intended as a weapon to be used against a plaintiff in this manner. Such practices add to the civil case backlogs and waste of judicial time. Such actions are causing the public to rapidly lose confidence in the judiciary's ability to handle litigation.

"For the above listed reasons we are of the opinion that the evils occasioned by delay of the main action will in most cases far outweigh the benefit to the insurer of a prior judicial declaration of its obligations to the defendant. Accordingly, to delay trial of plaintiff Latz' action while processing a declaratory judgment may well constitute an abuse of judicial discretion." 384 Mich. at 235, 180 N.W.2d at 778. (Footnotes omitted.)

In this diversity of citizenship case we conclude that the District Judge did not abuse his discretion in following the law of Michigan, rather than the decision of the court in American States Insurance Co. v. D'atri, 375 F.2d 761 (6th Cir.), a case originating in Ohio.

Affirmed.