**NATIONAL EMBLEM INSURANCE COMPANY, an Illinois Corporation, Plaintiff-Appellant,**

v.

**Samuel WASHINGTON, Defendant-Appellee,**

and

**Emmanuel Jones and Margaret Sanders, Defendants.**

**No. 73-1119.**

United States Court of Appeals, Sixth Circuit.

Argued June 14, 1973.

Decided July 31, 1973.

William A. Joselyn, Detroit, Mich., for plaintiff-appellant; Martin, Bohall, Joselyn, Haley & Rowe, Detroit, Mich., on brief.

Robert Goren, Southfield, Mich., for defendant-appellee; Frimet, Goren & Bellamy, Southfield, Mich., on brief.

Before PHILLIPS, Chief Judge, and CELEBREZZE and PECK, Circuit Judges.

PER CURIAM.

Plaintiff, National Emblem Insurance Co., appeals the dismissal of its declaratory judgment action. We affirm.

On March 29, 1964, defendant Samuel Washington was injured in an accident while a passenger in an automobile driven by plaintiff's insured, Margaret Sanders, and owned by plaintiff's insured, Emmanuel Jones. As a result of that accident, Washington gained a $311,000 verdict in Michigan state trial court against the plaintiff's insureds. Plaintiff was not a party to this litigation.

The State court judgment included pre-judgment interest computed from the date of the filing of the complaint. M.S.A. § 27A.6013, M.C.L.A. § 600.6013. The judgment, after reversal by the Michigan Court of Appeals, was reinstated by the Michigan Supreme Court. Washington v. Jones, 386 Mich. 466, 192 N.W.2d 234 (1971). Approximately three weeks before re-entry of the judgment by the trial court in accordance with the Supreme Court's mandate, the plaintiff filed the instant suit.

In this action, plaintiff seeks a declaration that the retroactive application of the State pre-judgment interest statute, M.S.A. § 27A.6013, M.C.L.A. § 600.6013, is violative of the Constitution's Contract Clause. Art. I, § 10. The statute became effective after the accident and the filing of the State suit. The plaintiff also seeks a declaration of its liability to its insureds. The issue to be resolved here is whether the plaintiff is liable for interest on the entire $311,000 judgment or only for interest on the face amount of the policy, $10,000.

Subsequent to the filing of this suit, the State court plaintiff, Washington, filed garnishment proceedings in the State court to enforce his state court judgment. The plaintiff here is party to that action.

The applicable law in situations like this, where an insurer seeks a declaratory judgment in federal court while state litigation is pending concerning the same set of facts, was set forth in Brillhart v. Excess Insurance Co., 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). In that case, Mr. Justice Frankfurter wrote for a majority:

"Where a District Court is presented with a claim such as was made here, it should ascertain whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court. This may entail inquiry into the scope of the pending state court proceeding and the nature of defenses open there. The federal court may have to consider whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc." 316 U.S. at 495, 62 S.Ct. at 1176.

■ The Declaratory Judgment Act, 28 U.S.C. § 2201, does not confer any absolute rights on plaintiffs. It merely is an enabling statute conferring discretionary jurisdiction on the federal courts. Public Service Commission v. Wycoff Co., 344 U.S. 237, 241, 73 S.Ct. 236, 97 L.Ed. 291 (1952). Therefore, our inquiry is directed to a determination of whether the dismissal was an

abuse of discretion. State Farm Mutual Insurance Co. v. Hilderbrandt, 446 F.2d 504 (6th Cir. 1971).

Plaintiff contends that because it was not a party to any pending state litigation on the date of the filing of the federal action, then the federal court should be forced to hear the suit.

 We refuse to make the exercise of the discretionary declaratory judgment jurisdiction of the federal court dependent upon a race to the courthouse door. Though no State action was pending on the date of the filing of the federal suit, such a suit was inevitable. It should be noted that the suit for garnishment had not yet been filed at the time because the State judgment had not yet been formally re-entered. Interpretation of a State statute which has never been addressed by the Michigan Supreme Court was at issue. Both claims of the plaintiff insurer can be fully decided in the pending State garnishment proceeding with recourse eventually, on the constitutional issues, to the United States Supreme Court. The questions raised by the insurer could best be answered in State court.

The District Court's dismissal of this action was not an abuse of discretion.

Affirmed.