James P. LEHNERT, Elmer S. Junker, James E. Lindsey, Sam C. Peticolas, John R. Schauble, Theodore D. Speerman, Plaintiffs,

v.

The FERRIS FACULTY ASSOCIATION —MEA–NEA, Michigan Education Association, National Education of the United States, and the Board of Control of Ferris State College, Defendants.

No. G78–346 CA1.

United States District Court, W.D. Michigan, S.D.

Aug. 11, 1982.

---

Allaben, Massie, Vander Weyden & Timmer by Sam F. Massie, Jr., Grand Rapids, Mich., Law Office of John C. Kruchko by Garry M. Ewing, Vienna, Va., Nat. Right to Work Legal Defense Foundation by Raymond J. LaJeunesse, Springfield, Va., for plaintiffs.

Foster, Swift, Collins & Coey, P.C. by Michael J. Schmedlen, Lansing, Mich., Mika, Meyers, Beckett & Jones by Steven L. Dykema, Grand Rapids, Mich., for defendants.

## OPINION

HILLMAN, District Judge.

Plaintiffs, faculty members of Ferris State College, have brought this action challenging the constitutionality of an agency shop clause contained in the collective bargaining agreement between defendants Ferris State College Faculty Association (FFA) and the Board of Control of Ferris State College. Named defendants include the FFA, the Michigan Education Association (MEA), the National Education Association (NEA), and the Board of Control of Ferris State College.[1] Defendant FFA is a local labor organization which is the exclusive bargaining agent for faculty members of Ferris State College. Defendants MEA and NEA are state and national labor organizations affiliated with the FFA.

This case is currently before the court pursuant to renewed cross motions for summary judgment.[2] Defendant unions have also moved to dismiss plaintiffs' claims as moot, and have moved for this court to abstain from reaching the merits.

Plaintiffs include active and retired faculty members at Ferris State College. Plaintiffs are not members of any labor organization, but are required to pay a service fee to FFA for representing plaintiffs in contract negotiations.

Plaintiffs' suit is allegedly authorized by 42 U.S.C. §§ 1982, 1985, 1986. Plaintiffs seek injunctive and compensatory relief for defendants' alleged violations of Article I, Section 10, Clause 1 of the United States Constitution and the First and Fourteenth Amendments of the United States Constitution. Plaintiffs have premised this court's jurisdiction on 28 U.S.C. §§ 1331, 1343.

Plaintiffs' specific claims are as follows:

First, plaintiffs claim that since 1974, successive collective bargaining agreements between the Board of Control and FFA have contained an agency shop clause requiring plaintiffs to pay to the FFA, as a condition of employment, a service fee for the bene-

1. As originally filed, defendants in this case included individual members of the Board of Control of Ferris State College. On May 29, 1979, those individual defendants were dismissed as party defendants pursuant to stipulation of the parties.

2. In September of 1979, defendant Ferris State College filed a motion to dismiss plaintiffs' claims as moot, a motion for this court to abstain, and a motion for summary judgment. In March of 1980, defendant unions joined the Ferris State College motions. In March of 1980, plaintiffs filed cross-motions for summary judgment. After a hearing on the motions, at which all parties were represented by counsel, this court denied all pending motions. Since that time, the parties have submitted supplemental affidavits and depositions and have renewed their motions.

fits plaintiffs receive from FFA's efforts in negotiating collective bargaining agreements. Plaintiffs allege that defendant unions have collected service fees in excess of the amount expended on collective bargaining and administering bargaining agreements. Specifically, plaintiffs allege that defendant unions have used plaintiffs' service fees for political purposes, over plaintiffs objections, in violation of plaintiffs' First Amendment rights.

Second, plaintiffs claim that under the collective bargaining agreements, the college, pursuant to M.C.L.A. § 408.477, has automatically deducted service fees from plaintiffs' salaries. Plaintiffs contend that the Michigan statute, on its face and as applied in the collective bargaining agreement, violates plaintiffs' due process rights by not providing for a pre-seizure hearing to validate the compelled deduction.

Third, plaintiffs contend that prior to June 30, 1978, defendants' agency shop agreements obliged Ferris State to terminate faculty members who refused to pay service fees. Plaintiffs allege that these agreements impaired plaintiffs' contract rights, acquired under the Board of Controls' tenure police, in violation of Article I, Section 10, Clause 1 of the Constitution of the United States.

Defendants' renewed motions are as follows:

First, that the court dismiss plaintiffs' claims regarding prior collective bargaining agreements as moot.

Second, defendant unions have moved the court to abstain from deciding plaintiffs' claims with the exception of plaintiffs' claim that M.C.L.A. § 408.477 is unconstitutional. Defendant Ferris State College has not joined defendants' unions' abstention motion, and has urged the court not to abstain in the interest of avoiding piecemeal and protracted litigation.

Third, defendants have moved for summary judgment on plaintiffs' claims regarding the constitutionality of the expenditures of service fees by defendant unions.

Plaintiffs have moved for summary judgment on their claim that the automatic deduction of service fees acts as a prior restraint of their First Amendment rights. For the following reasons, the motions of the respective parties are denied.

## MOOTNESS

■ A party alleging mootness has the burden of conclusively showing that a case no longer presents issues that are "live" or presents parties with a legally cognizable interest in the outcome of the case. *Powell v. McCormack,* 395 U.S. 486, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). Defendants' motion to dismiss plaintiffs' impairment of contract claims is based upon defendants' position that prior collective bargaining agreements providing for discharge of faculty members for nonpayment of service fees has been replaced with a clause providing for the automatic deduction of service fees. Defendants also contend that plaintiffs' claims against the NEA are moot because plaintiffs have failed to exhaust available union procedures to challenge union conduct. Furthermore, the unions claim that plaintiffs' claims against defendant NEA are moot because the NEA has withdrawn its claim for plaintiffs' agency shop fees.

The fact that defendants have replaced the discharge clause of the collective bargaining agreement with an automatic deduction provision does not render plaintiffs' claims moot. There is no dispute that plaintiffs paid service fees under prior collective bargaining agreements (Stip. 15). Therefore, plaintiffs have an ongoing claim for damages against defendants FFA, NEA and MEA.[3] Consequently, plaintiffs retain a legally-cognizable interest in the outcome of the case, within the meaning of *Powell v. McCormack, supra.*

Plaintiffs' claims for injunctive relief also present a live controversy. Although a suit for injunctive relief may become moot if

---

**3.** Plaintiff Theodore Speerman has accepted a check from the NEA in satisfaction of all of his claims for the NEA portion of service fees paid prior to his retirement. Thus, Mr. Speerman no longer has ongoing claims for damages against the NEA.

past challenged practices cannot recur, voluntary cessation does not render a claim moot. *County of Los Angeles v. Davis,* 440 U.S. 625, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979). A party alleging mootness must clearly establish that the challenged conduct could not recur. *Rubbermaid, Inc. v. FTC,* 575 F.2d 1169 (6th Cir.1978); *see, Seay v. McDonnell Douglas Corp.,* 533 F.2d 1126, 1132 (9th Cir.1976). In the present case, defendants have not established that the challenged contract provisions could not be reinstated. In fact, defendant Board of Control, in answering plaintiffs' interrogatories, has stated that defendant unions have demanded a change in the collective bargaining agreement reinstating a discharge provision for the nonpayment of service fees. (Defendant Board of Control Amended Answers to Set I of Plaintiffs' Interrogatory # 3.) Therefore, plaintiffs clearly present a live controversy.

Defendants' assertion that plaintiffs' claims are moot because plaintiffs have failed to exhaust available union procedures is equally misplaced. Although resorting to available grievance procedures may be preferred, and in some cases mandatory, *see, Beck v. Communications Workers,* 468 F.Supp. 87, 90 (D.Md.1979), questions of exhaustion are fundamentally distinct from questions of mootness. While exhaustion is concerned with the proper forum in which to bring an action, mootness is concerned with the justifiability of a particular claim. *See, County of Los Angeles v. Davis, supra.* In the present case, the fact that defendants concede that plaintiffs have claims to exhaust establishes that plaintiffs have alleged a live controversy between the parties. Consequently, defendants' motion to dismiss plaintiffs' claims as moot is denied.

## ABSTENTION

Defendants have moved for this court to abstain on the grounds that this case presents unclear issues of state law which, if conclusively determined by state courts, would obviate the need to address plaintiffs' constitutional issues. Defendants also urge the court to abstain due to the pendency of litigation in Michigan courts which defendants allege will make unnecessary the resolution of plaintiffs' constitutional claims. For the reasons that follow, defendants' motion for abstention is denied.

Where federal jurisdiction is properly invoked and the constitutionality of a state statute is challenged, a federal court may stay proceedings in the federal forum if the construction of pertinent, but unclear, state law by the state courts would obviate the necessity of a decision of federal constitutional issues. *Railroad Commission of Texas v. Pullman,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). However, the abstention doctrine has never been invoked to simply give state courts the first opportunity to vindicate First Amendment rights. *Zuickler v. Koota,* 389 U.S. 241, 252, 88 S.Ct. 391, 397–398, 19 L.Ed.2d 444 (1967). In the present case, plaintiffs allege that the defendants' agency shop agreements, authorized by M.C.L.A. § 423.210(1), have impermissibly forced plaintiffs to support ideological causes which plaintiffs oppose. Since the Supreme Court has specifically stated that such allegations establish a cause of action under the First and Fourteenth Amendments, *Abood v. Detroit Board of Education,* 431 U.S. 209, 237, 97 S.Ct. 1782, 1800–1801, 52 L.Ed.2d 261 (1977), this court must determine whether to postpone the exercise of jurisdiction in the present proceedings would obviate the need to render a decision on plaintiffs' constitutional claims. Since *Abood, supra,* Michigan courts have determined the validity of agency shop agreements in light of federal constitutional law. *White Cloud Education Association v. Board of Education,* 101 Mich.App. 309, 300 N.W.2d 551, 554 (1980); *Ball v. Detroit,* 84 Mich.App. 383, 269 N.W.2d 607 (1978).

Since Michigan courts construe agency shop agreements under federal constitutional law, abstention in the present case would not obviate the necessity of determining constitutional claims. Abstaining in the instant case would merely allow the state courts the first opportunity to vindicate plaintiffs' constitutional rights. Since such

a result was specifically rejected as an improper basis for abstention in *Zuickler v. Koota, supra,* I find that abstention in the present case is improper.

Additional factors counsel against abstaining in this case. Both the Supreme Court and the Court of Appeals for the Sixth Circuit have stated that the doctrine of abstention is limited by the hardships abstention inflicts on parties where litigation has been delayed. *Bellotti v. Baird,* 428 U.S. 132, 150, 96 S.Ct. 2857, 2867, 49 L.Ed.2d 844 (1976); *Record Revolution No. 6 Inc. v. City of Parma,* 638 F.2d 916, 925 (6th Cir.1980); *Gay v. Board of Registration Comr's,* 466 F.2d 879, 884 (6th Cir.1972). The present case has been pending for nearly four years. Furthermore, as defendant Ferris State College has pointed out in its brief opposing defendant unions' abstention motion, the parties have expended considerable resources submitting transcripts, stipulations and briefs to this court. To require the parties to start anew in a different forum would inflict unnecessary hardship on the parties and further delay the resolution of important constitutional issues. Consequently, although admittedly tempting, I find that abstention would be improper in the present case.

Although defendant unions recognize the importance of the pending constitutional issues, defendants contend that this court should follow Judge Phillip Pratt's decision to abstain in *Holman v. Board of Education of the City of Flint,* 388 F.Supp. 792 (E.D. Mich.1975); *see also, Jensen v. Yonamine,* 437 F.Supp. 368 (D.C.Haw.1977). However, I find *Holman* to be inapposite to the case currently before me. In *Holman,* members of the Black Teachers Caucus of Flint brought a constitutional and statutory challenge to an agency shop clause contained in a collective bargaining agreement. Judge Pratt found that abstention was proper under *Pullman, supra,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971, because Michigan courts might have read into Michigan's authorization of agency shop clauses, M.C.L.A. § 423.210, a requirement that service fees be limited to each nonmember's pro-rata share of the cost of negotiating and admin-

istering the collective bargaining agreement. *Holman, supra,* 388 F.Supp. at 801. At the time of Judge Pratt's decision, Michigan courts had not yet construed M.C.L.A. § 423.210 to be governed by federal constitutional law. *See, White Cloud Education Association, supra,* 101 Mich.App. 309, 300 N.W.2d 551; *see also, Ball, supra,* 84 Mich. App. 383, 269 N.W.2d 607. However, since Michigan courts now determine the legitimacy of agency shop agreements based on federal constitutional law, abstaining in the present case would not obviate the necessity of reaching the plaintiffs' constitutional claims. Thus, the basis for Judge Pratt's decision in *Holman, supra,* is absent in this case.

Defendant unions also urge this court to abstain due to the pendency of related litigation in Michigan courts. For the following reasons, defendants' motion is denied.

Defendant unions contend that the case of *Detroit Board of Education v. Parks,* 98 Mich.App. 22, 296 N.W.2d 815 (1980), *appeal pending,* No. 65818–21 (Mich. argued Nov. 9, 1981), will definitively dispose of the issues presented in this case. In recognizing the propriety of a federal court abstaining where a pending state action would determine the rights of the parties, the Supreme Court has stated:

"Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties."

*Brillhart v. Excess Insurance Co.,* 316 U.S. 491, 495, 62 S.Ct. 1173, 1175–1176, 86 L.Ed. 1620 (1942). Although the Court of Appeals for the Sixth Circuit has extended *Brillhart* to allow abstention where the parties in a federal declaratory judgment action are not precisely the same parties as those in the pending state action, the Sixth Circuit has considered abstention, in such instances, proper due to the discretionary nature of declaratory judgments and because the federal action arose out of the

same case pending before state courts. *National Emblem-Insurance Co. v. Washington,* 482 F.2d 1346, 1348 (6th Cir.1973) (per curiam). The parties in the present case are different parties than those in the case now pending before the Michigan Supreme Court. The issues and facts as presented to the Michigan Supreme Court did not raise federal constitutional questions, and did not arise out of the same case that is now before this court (Raymond J. LaJeunesse Affidavit). Furthermore, the plaintiffs in the present case have not merely invoked this court's "discretionary" jurisdiction, but have invoked this court's federal question jurisdiction under 28 U.S.C. § 1331 by alleging a cause of action under the First and Fourteenth Amendments. *See, Abood, supra,* 431 U.S. at 237, 97 S.Ct. at 1800–1801. Consequently, I find abstaining in the present case due to the pendency of a case in Michigan courts to be improper.

## SUMMARY JUDGMENT

Defendant unions have moved for summary judgment on plaintiffs' claims regarding the practice of automatically deducting service fees from plaintiffs' wages. Under Fed.R.Civ.P. 56(c), a party moving for summary judgment has the burden of showing conclusively that there exists no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. *Smith v. Hudson,* 600 F.2d 60 (6th Cir.1979).

■ Plaintiffs have challenged the practice of automatically deducting service fees on two grounds. First, plaintiffs claim that automatic deduction of service fees constitutes an impermissible prior restraint upon plaintiffs' First Amendment rights because it allows temporary use of funds for purposes other than collective bargaining. Second, plaintiffs allege that the involuntary deduction of service fees without a pre-seizure hearing to determine the validity of the service fees constitutes an infringement on plaintiffs' liberty and due process rights. Consequently, for defendants to show that there is no issue of material fact it is incumbent upon them to conclusively establish that service fees were used for purposes related to collective bargaining and that union procedures existed which adequately protected plaintiffs due process rights. For the reasons that follow, I find that defendants have failed to establish that no issue of material fact exists. Therefore, defendants' motion for summary judgment is denied.

■ In support of their motion for summary judgment, defendants have submitted a transcript of proceedings held before the Michigan Education Association Citizens Service Fee Review Committee on May 4, 1981. Although the Federal Rules of Civil Procedure provide for the submission of affidavits on a motion for summary judgment, the rules require that such affidavits "be made on personal knowledge [and] shall set forth such facts as would be admissible in evidence." Fed.R.Civ.P. 56(e). The pertinent testimony before the Review Committee was taken without the benefit of cross-examination and largely consisted of objectionable, self-serving, and hearsay testimony. Therefore, I find that the May 4, 1981, transcript does not conform to the requirements of Rule 56(e). However, even if the May 4, 1981, transcript were not objectionable, the transcript fails to establish that no issue of material fact exists.

■ In addressing plaintiffs' claim that defendant unions have used service fees for activities unrelated to collective bargaining, defendants rely on the May 4 testimony of MEA executives. MEA executives testified that in their opinion the activities funded by service fees were directly related to collective bargaining (May 4 Tr. p. 23–89). The Court of Appeals for the Sixth Circuit has made clear that summary judgment is inappropriate where a trial court is required to determine the credibility of witnesses. *Atlas Concrete Pipe, Inc. v. Roger J. Au and Son, Inc.,* 668 F.2d 905 (6th Cir.1982). Since defendants' assertions are dependent upon this court's determination of the credibility of interested witnesses, summary judgment is inappropriate.

In moving for summary judgment on plaintiffs' due process claims, defendants

also rely on the May 4, 1981, testimony of MEA witnesses. At the May 4 hearing, MEA witnesses testified that the MEA intended to upgrade rebate procedures and that MEA accounting methods had built-in safeguards to protect objecting agency fee payers (May 4 Tr. pp. 65–73, 158–174). Defendants contend that since information regarding the MEA's rebate calculation process and grievance procedures is "exclusively within the knowledge of the MEA ... there remains no genuine issue of material fact that would necessitate a trial...." (Defendants' Brief in Support of Renewal Motions, at 8.)

Defendants' position is not only disingenious, but also counsels against granting defendants' motion for summary judgment. Both the Supreme Court and the Sixth Circuit have stated that summary judgment procedures should be used very sparingly where the proof is in the hands of alleged wrongdoers. *Poller v. Columbia Broadcasting,* 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962); *Smith v. Hudson, supra,* 600 F.2d at 63. Merely stating that the information regarding MEA grievance procedures is exclusively in the hands of MEA officials, fails to establish the absence of material fact. Consequently, defendants' motion for summary judgment is denied.

### PLAINTIFFS' CROSS MOTION FOR SUMMARY JUDGMENT

Plaintiffs have moved for summary judgment on their claims regarding the validity of automatic deductions. Specifically, plaintiffs allege that eleven political activities, such as campaign contributions, financed by plaintiffs' service fees are improper infringements on plaintiffs' First Amendment rights. Plaintiffs allege that since the activities are unrelated to collective bargaining, the automatic deductions practice is constitutionally infirm. Because I find that plaintiffs have not conclusively shown that the challenged activities are unrelated to collective bargaining, plaintiffs' summary judgment motion is denied.

To prevail on their motion for summary judgment, plaintiffs must conclusively establish that there exists no issue of material fact, and that plaintiffs are entitled to summary judgment as a matter of law. *Smith v. Hudson, supra.* In moving for summary judgment, plaintiffs rely heavily upon the Supreme Court's holding that the First Amendment prohibits the use of dissenting non-member fees for political activities not germane to collective bargaining. *Abood v. Detroit Board of Education, supra,* 431 U.S. at 236, 97 S.Ct. at 1800. In reaching its decision in *Abood,* the Supreme Court stated that since the case was before the Court following a judgment on the pleadings, the Court, in the absence of adversary proceedings, could not define a dividing line of what specific activities properly fell within the meaning of collective bargaining. *Id.* Although the parties have stipulated that defendants have supported political activities such as millage elections, the parties fundamentally disagree whether these activities are germane to collective bargaining. (May 4, 1981, Hearing Transcript; Plaintiffs' Brief in Opposition to Defendants' Renewed Motions, pp. 42–60). Therefore, this dispute presents material issues of fact that cannot be resolved on a motion for summary judgment. Consequently, plaintiffs' motion for summary judgment is denied.