968 F.2d 1214
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Fines HILLARD, Plaintiff-Appellee,
v.
FIRST FINANCIAL INSURANCE COMPANY, Defendant-Appellant.
 No. 91-6238.
 United States Court of Appeals, Sixth Circuit.
 July 16, 1992.
 
 Before JONES and NORRIS, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 WELLFORD, Senior Circuit Judge.
 
 
 1
 Sidney R. Mandle, Jr. sued Fines Hillard, d/b/a Kentucky Lake Marine Service, in Tennessee state court for negligent repair of his boat. Hillard answered the complaint and contemporaneously filed a suit against First Financial Insurance Company ("FFI") alleging that if he were found liable to Mandle, then he would be entitled to recover from FFI under a commercial risk insurance policy. FFI removed the third-party action only to the federal district court in Jackson, Tennessee, and filed a counterclaim requesting a declaration of its rights and responsibilities to Hillard.[1]
 
 
 2
 Mandle then filed a motion to remand the third-party action to state court, but the district court denied this request because removal was proper and Mandle lacked standing to challenge removal. FFI then filed a motion for summary judgment on the insurance coverage issue. Hillard responded by noting that Mandle had since taken a voluntary nonsuit in the original state court action. After learning of the nonsuit, the district court sua sponte dismissed the declaratory judgment action for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(h)(3), holding:
 
 
 3
 [T]here is at present no case or controversy in this action. The effect of the nonsuit in the underlying state court proceeding is that no rights remain to declare. Since it is possible that [Hillard] may never be found liable in the now nonsuited proceeding, determining [FFI's] liability on behalf of [Hillard] would be speculative and a waste of judicial resources.
 
 
 4
 The district court noted, however, that the "action may be renewed upon the refiling of an action which creates a case or controversy." As a result of the dismissal, the district court declined to rule on FFI's motion for summary judgment.
 
 
 5
 FFI appealed from the district court's decision and argues that an actual case or controversy existed under the Declaratory Judgment Act, notwithstanding Mandle's voluntary nonsuit.
 
 
 6
 The Declaratory Judgment Act provides in relevant part:
 
 
 7
 In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.
 
 
 8
 28 U.S.C. § 2201 (emphasis added). In addition to the "actual controversy" requirement of this statute, the "case and controversy" clause of the United States Constitution "applies to declaratory judgment actions as well as to other cases of a more conventional nature." Detroit, Toledo and Ironton R.R. Co. v. Consolidated Rail Corp., 767 F.2d 274, 279 (6th Cir.1985); see also National Emblem Ins. Co. v. Washington, 482 F.2d 1346, 1347 (6th Cir.1973).
 
 
 9
 The standard of review for a district court's dismissal of a declaratory judgment action on constitutional grounds is de novo. Mobil Oil Corp. v. Attorney General of Com. of Va., 940 F.2d 73, 75 (4th Cir.1991). A district court's dismissal of a declaratory judgment action based on prudential grounds pursuant to the Declaratory Judgment Act is reviewed, however, under the abuse of discretion standard. National Emblem, 482 F.2d at 1347-48.
 
 
 10
 The test for determining the "case or controversy" and "actual controversy" issues is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Consolidated Rail Corp., 767 F.2d at 279 (citing Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270 (1941)). Stated differently, "[a] controversy, to be justiciable, must be such that it can presently be litigated and decided and not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop." Rowan Co., Inc. v. Griffin, 876 F.2d 26, 28 (5th Cir.1989) (citing Brown & Root, Inc. v. Big Rock Corp., 383 F.2d 662 (5th Cir.1967)).
 
 
 11
 The district court initially correctly dismissed the declaratory judgment action because it became moot as a result of Mandle's voluntary nonsuit in the underlying state court case. Although the briefs of the parties and additional research have failed to uncover any cases exactly on point, several decisions do suggest that this dispute was not then justiciable. See, e.g., Spectronics Corp. v. H.B. Fuller Co., Inc., 940 F.2d 631 (Fed.Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 658 (1991) (plaintiff's action for declaratory judgment was mooted by patentholder's "statement of nonliability."); U.S. Fire Ins. Co. v. Caulkins Indiantown Citrus Co., 931 F.2d 744 (11th Cir.1991) (Excess liability insurer's declaratory judgment action to determine its duty to defend and indemnify in a race discrimination suit was moot because insured had executed a written settlement agreement with insurer); Boston Teachers Union, Local 66 v. Edgar, 787 F.2d 12, 16 (1st Cir.1986) ("Assuming there was once a 'live' controversy between the Union and the Commission, it ended when the Commission dismissed the School Committee's petition for a strike investigation, removing any possibility that the Commission could issue a coercive order against the Union under the challenged state law."); Western World Ins. Co., Inc. v. Cigna Corp., 718 F.Supp. 1518 (S.D.Fla.1989) (Insurer's claim against insured did not present a controversy for the purposes of the Declaratory Judgment Act when the underlying lawsuit had been concluded and the only remaining claim was between two insurers concerning priority of duty to defend).
 
 
 12
 Consolidated Rail Corp. is perhaps the most instructive decision on this issue in the Sixth Circuit. In that case, several railroad companies had a disagreement over joint routes and fares. One of the companies sought what amounted to declaratory relief from the district court. The parties agreed that the ICC had primary jurisdiction to determine route and rate changes according to statute and contract, but no action was pending before that agency. We affirmed the district court's dismissal of the case:
 
 
 13
 Given the fact that nothing was pending before the ICC and that the parties had agreed that the ICC was the agency empowered to authorize changes in existing contractual arrangements, we conclude that the controversy between the parties was not of "sufficient immediacy and reality to warrant the issuance of a declaratory judgment."
 
 
 14
 Consolidated Rail Corp., 767 F.2d at 279 (citation omitted). Similarly, in the present dispute, there was nothing pending in state court, the forum empowered to establish Hillard's liability, if any, to Mandle, which gave rise to FFI's potential liability to Hillard. This matter was not of "sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Id. FFI's alleged contractual obligations did not then come into play.
 
 
 15
 In light of Mandle's nonsuit, there was no present, justiciable question regarding whether FFI was, in fact, liable to Hillard for Mandle's claim or whether FFI had a duty to defend. FFI's liability, then, rested on a contingency that might never have occurred. No "live" controversy between the insured and the insurer then existed, and a live case of controversy must exist at the time the court decides the matter. Spectronics, 940 F.2d at 635.
 
 
 16
 We were advised before oral argument in this appeal that Mandle had refiled his negligence suit against Hillard in state court. This complicates our inquiry. FFI argues that there is now, in connection with the appeal, an actual case and controversy between it and Hillard regarding insurance coverage as a result of the reinstitution of the state suit.
 
 
 17
 This new dimension has not been considered in the first instance by the district court. We believe that in the interest of prompt adjudication of this controversy, it is advisable to remand this case to the district court for its decision, given the present posture of the parties.
 
 
 18
 We accordingly REMAND this case for further consideration of whether a case or controversy now exists between FFI and Hillard with regard to insurance coverage and the duty to defend in the underlying state suit.
 
 
 
 [1]
 FFI did not specifically invoke the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., until it filed a reply to Hillard's opposition to its motion for summary judgment