EMPIRE INDEMNITY INSURANCE
CO., Plaintiff,

v.

SPECIALIZED FOSTER CARE
SERVICES, INC., et al.,
Defendants.

No. 3:95 CV 7397.

United States District Court,
N.D. Ohio,
Western Division.

Dec. 21, 1995.

Michael E. Hyrne, John A. Borell, Doyle, Lewis & Warner, Toledo, OH, for plaintiff.

Thomas G. Overley, C. William Bair, Wagoner & Steinberg, Holland, OH, for Specialized Foster Care Services, Inc. and Judith Gusweiler.

Jodie Lee Stearns, Mitchell, Sterns & Hammer, Bowling Green, OH, William C. Caughey, Caughey, Kuhlman, Beck & Reddin, Bowling Green, OH, David E. Cruikshank, Painesville, OH, for John Doe.

### MEMORANDUM OPINION

KATZ, District Judge.

This matter is before the Court on Defendant John Doe's Motion to Dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(1) & (6). Because the relevant case law compels this Court to decline jurisdiction over this case, the Court will grant Defendant's Motion and dismiss the case at bar as to all Defendants.

### BACKGROUND

This insurance coverage dispute arises out of an action brought by Defendant John Doe against Defendant Specialized Foster Care Services, Inc. ("SCFS"), Defendant Judith Gusweiler, and various other defendants who are not parties to this action. John Doe, a mentally retarded adult male, alleged in a suit filed in the Wood County, Ohio Court of Common Pleas that certain employees of Specialized Foster Care Services abused, neglected, battered and sexually assaulted him while he was in their care. That suit is pending.

Plaintiff Empire Indemnity Insurance Co. ("Empire") provides liability insurance for SFCS and Gusweiler. Empire filed the instant declaratory judgment action in this Court, seeking a determination that it owes no duty to defend or indemnify in this case because the insurance policy in question excludes coverage for sexual battery and abuse.

Now Defendant John Doe has moved this Court to dismiss Empire's action for lack of subject matter jurisdiction. John Doe urges the Court to decline jurisdiction in this case, where the federal claim is dependent on a set of facts that are disputed in the underlying case, and where declaratory relief is available in the state court.

### DISCUSSION

■ The Federal Declaratory Judgment Act provides that any Federal Court "may declare the rights and other legal relations of any interested party seeking" a declaration in a controversy over which the Court otherwise has jurisdiction. 28 U.S.C.A. § 2201(a) (West 1994). This statute *does not* give the litigant an absolute right to a declaratory judgment action in the District Court; rather, it is a grant of power to the Court whereby the Court may, in its discretion, exercise jurisdiction over such a controversy. *Wilton v. Seven Falls Co.,* —— U.S. ——, ——, 115 S.Ct. 2137, 2143, 132 L.Ed.2d 214 (1995); *Cardinal Chemical Co., v. Morton Int'l, Inc.,* 508 U.S. 83, ——, n. 17, 113 S.Ct. 1967, 1974 n. 17, 124 L.Ed.2d 1 (1993); *Green v. Mansour,* 474 U.S. 64, 72, 106 S.Ct. 423, 428, 88 L.Ed.2d 371 (1985); *Public Serv. Comm'n v. Wycoff Co.,* 344 U.S. 237, 241, 73 S.Ct. 236, 239, 97 L.Ed. 291 (1952); *Brillhart v. Excess Ins. Co.,* 316 U.S. 491, 494, 499, 62 S.Ct. 1173, 1175, 1177–78, 86 L.Ed. 1620 (1942).

■ Where another suit based on the same underlying facts is pending in state court, the District Court normally will not exercise jurisdiction over a declaratory judgment action, particularly when the underlying facts are in dispute. The Supreme Court has stated that:

"[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided."

*Brillhart,* 316 U.S. at 495–96, 62 S.Ct. at 1175–76. Speaking specifically about insurance cases, the Sixth Circuit has held that "declaratory judgment actions seeking an advance opinion on indemnity issues are seldom helpful in resolving an ongoing action in another court," and that grant of such a declaratory judgment may be improvident. *Manley, Bennett, McDonald & Co. v. St. Paul Fire & Marine Ins. Co.,* 791 F.2d 460, 463 (6th Cir.1986).

■ Nevertheless, there is no *per se* rule against a District Court's exercising jurisdiction over a declaratory action regarding insurance coverage. *Allstate Ins. Co. v. Green,* 825 F.2d 1061, 1066 (6th Cir.1987). Both the United States Supreme Court and the Court of Appeals for the Sixth Circuit have identified several factors for the District Court to consider in determining whether to exercise jurisdiction in a given case. These include:

(1) Whether pending state proceedings present the same issues or underlying facts;

(2) Whether the claims of all parties in interest can satisfactorily be adjudicated in the state proceeding;

(3) Whether determination of the issues by a federal court would interfere with the orderly and comprehensive disposition of the issues in state court;

(4) Whether the declaratory action would settle the controversy;

(5) Whether the judgment would serve a useful purpose in clarifying and settling the legal relations in issue;

(6) Whether the declaratory judgment action is being used for the purpose or "procedural fencing" or to provide an arena for a race for *res judicata;*

(7) Whether the judgment would increase friction between federal and state courts and improperly encroach upon state jurisdiction;

(8) Whether there is an alternative remedy which is better or more effective;

(9) Whether the state court affords an adequate remedy; and

(10) Whether the facts underlying the declaratory action are in dispute.

*See, e.g., Wilton,* —— U.S. at ——, 115 S.Ct. at 2141; *Brillhart,* 316 U.S. at 495–96, 62 S.Ct. at 1175–76; *Allstate Ins. Co. v. Mercier,* 913 F.2d 273, 277 (6th Cir.1990); *Green,* 825 F.2d at 1063; *American Home Assurance Co. v. Evans,* 791 F.2d 61, 63 (6th Cir.1986); *Grand Trunk W. R.R. v. Consolidated Rail Corp.,* 746 F.2d 323, 326 (6th Cir.1984).

 The Court finds in this case that application of the above factors leads to the conclusion that it would be improvident for this Court to exercise jurisdiction over Empire's declaratory judgment action. The pending state proceeding presents the issue of whether John Doe was sexually assaulted by SFCS's employees—the same issue presented in the instant action. Empire's claim can be satisfactorily adjudicated by the state court, either in the pending proceeding or in a subsequent indemnity action in the event liability is found on the part of Defendants SFCS and Gusweiler. Determination of the issues at bar could interfere with the orderly and comprehensive disposition of the issues in state court by giving issue-preclusive effect to determinations regarding the action of SFCS's employees. Interpretation of the insurance contract at issue could encroach upon state jurisdiction to the extent that state law on this specific issue may be uncertain. Finally, the facts underlying the declaratory action are in dispute.

Plaintiff has not pointed this Court to a single Sixth Circuit decision, since *Brillhart* was decided in 1942, to hold that it is appropriate for a District Court to exercise jurisdiction over a declaratory judgment action regarding insurance coverage when the facts giving rise to the insurance coverage dispute are themselves in dispute. The cases to which Plaintiff has cited as favoring its position uniformly arose before the District Court on undisputed facts, *i.e., State Farm Fire & Casualty Co. v. Odom,* 799 F.2d 247 (6th Cir.1986); *American States Ins. Co. v.*

*D'Atri,* 375 F.2d 761 (6th Cir.1967), with the single exception of a pre-*Brillhart* opinion in which the Sixth Circuit expressed doubt that the District Court had discretion to decline jurisdiction at all, *Maryland Casualty Co. v. Faulkner,* 126 F.2d 175, 178 (6th Cir.1942). There is simply no case law justifying Plaintiff's argument.

### CONCLUSION

For the above reasons, the Court declines to exercise jurisdiction in this case. Defendant John Doe's Motion to Dismiss is granted.

IT IS SO ORDERED.