COREGIS INSURANCE COMPANY, f/k/a Mt. Airy Insurance Co., Plaintiff,

v.

FRANK, SERINGER & CHANEY, INC., et al., Defendants.

No. 1:96 CV 1589.

United States District Court,
N.D. Ohio,
Eastern Division.

Dec. 1, 1997.

Frederic X. Shadley, Rebecca S. Ruppert, Benesch, Friedlander, Coplan & Aronoff, Cleveland, OH, Jeffrey A. Goldwater, Darcy L. Ibach, Thomas M. Ryan, Bollinger, Ruberry & Garvey, Chicago, IL, for Coregis Ins. Co.

Michael J. Jordan, Walter F. Ehrnfelt, Waldheger, Coyne & Associates, Cleveland, OH, for Frank, Seringer & Chaney, Inc., Steven G. Luca, James J. Czarney, Scott L. Preising, Richard L. Zahratka and Donald E. Bowman.

Charles A. Kennedy, Kennedy, Cicconetti & Rickett, Wooster, OH, for James R. Ginty.

William Travis McIntyre, Brown, Bemiller, Murray & McIntyre, Mansfield, OH, Larry L. Inscore, Inscore, Rinehardt, Whitney & Enderle, Mansfield, OH, for Martha Gill, Harry Ross Gill, IV and Erica C. Gill.

## MEMORANDUM OPINION AND ORDER

NUGENT, District Judge.

This matter comes before the Court on Defendants' Motion to Dismiss or Stay Proceedings pending Adjudication of State Court Case. (Document # 26). For the reasons discussed below, Defendants' Motion to Dismiss is GRANTED.

### Factual and Procedural History

Plaintiff, Coregis Insurance Company, filed this action on July 22, 1996, seeking rescission of a professional liability claims made insurance policy issued by Plaintiff to Defendant Frank, Seringer & Chaney, Inc. ("FSC") and a declaratory judgment that Plaintiff has no duty to defend or indemnify FSC in Case No. 95–186–C ("the state case") filed against FSC in the Ashland County Court of Common Pleas.

Plaintiff is an Indiana corporation with its principal place of business in Illinois. FSC is an Ohio corporation of certified public accountants with its principal place of business in Ashland, Ohio. Also named as defendants in this action are the principals of FSC, Steven G. Luca, James A. Czarney, Scott L. Preising, Richard L. Zahratka and Donald E. Bowman. A former FSC principal, James R. Ginty, is also named as a defendant. All of these individual defendants are licensed CPAs and residents of Ohio. Finally, Plaintiff named the plaintiffs from the state case against FSC as defendants: Martha Gill, as custodian of her minor children Harry Ross Gill, IV and Erica Gill, Harry Ross Gill, IV, a minor by his Parents Harry Ross Gill, III and Martha Gill and Erica. Gill, a minor by her Parents Harry Ross Gill, III and Martha Gill. Plaintiff alleges that these individuals are also residents of Ohio. Plaintiff asserts that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 and also has jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.[1]

Plaintiff issued a renewal of an accountants' professional liability claims made policy to FSC on February 10, 1995, for the policy period from February 1, 1995 to February 1, 1996, pursuant to an application submitted to Plaintiff by FSC through its principals on January 10, 1995. The policy generally defines "Insured" to include the designated firm, FSC, and former, present and future partners, officers, directors or employees of FSC.

FSC notified Plaintiff in April 1995 of a potential claim being asserted by the shareholders of Specialty Advertising, Inc. (the "Gill claim").[2] On May 3, 1995, Plaintiff ad-

---

1. This action was filed before the 1996 amendments to § 1332 raised the jurisdictional amount to $75,000. Thus, Plaintiff's allegation that the amount in controversy is in excess of $50,000, exclusive of costs and interest, does not defeat jurisdiction.

2. The minor Gill children, Harry and Erica each own 25% of Specialty Advertising, Inc. FSC provided trustee and public accounting services for the minors. Defendant Ginty, a former FSC principal, acted as custodian for the minor Gills with respect to their shares of Specialty Advertising. Through an agreement with Tina Gill Simon, who owned the remaining 50% of Specialty Advertising, Ginty controlled 100% of Specialty Advertising Inc., shares' voting power until 1998.

vised FSC that Plaintiff reserved all of its rights to deny coverage for the Gill claim. On May 25, 1995, Martha Gill, as custodian for the minor Gill children, and Harry and Erica Gill, through their parents Harry and Martha Gill, filed a complaint against FSC and James Ginty in the Court of Common Pleas in Ashland County, Ohio, Probate division. While advising FSC and Ginty that it reserved all its rights to deny coverage for the Gill claim, it retained counsel on behalf of FSC and Ginty for the Gill claim. Plaintiff filed this action on July 22, 1996, seeking a declaratory judgment that it has no duty to defend or indemnify FSC or Ginty against the Gill's claims and rescission of the professional liability policy. Thereafter, FSC and Ginty retained their own counsel in the Gill matter.

On February 18, 1997, Ashland County Probate Judge Robert J. Corts approved settlements between the Gills and Defendants FSC and Ginty in the state case. Pursuant to the settlement agreements FSC and Ginty each consented to entry of a judgment in the amount of $1,500,000, of which each defendant agreed to pay $125,000. FSC and Ginty also assigned all rights in contract and tort that they had against Plaintiff to the Gills. Plaintiff did not participate in the settlement negotiations.

The Gills filed a Supplemental Complaint in the state case on March 21, 1997, adding Plaintiff Coregis as a defendant and seeking payment of the settlements entered on February 18, 1997.

All of the Defendants in this action filed the pending Motion to Dismiss or Stay proceedings Pending Adjudication of State Court Case (Document # 26) on March 4, 1997. In their Motion the Defendants request that the Court dismiss Plaintiff's Complaint and FSC's Counterclaim without prejudice to future action, or in the alternative, stay proceedings on the Complaint and Counterclaim pending final adjudication of the state case. Defendants assert that the Court may exercise its discretion under the

Declaratory Judgment Act, 28 U.S.C. § 2201, and refuse to exercise jurisdiction in this case because the disputed issues are presented in parallel litigation in state court where all of the issues raised by Plaintiff may be heard. Plaintiff has filed a Memorandum and Sur–Reply memorandum in Opposition to the Defendants' Motion to Dismiss or Stay Proceedings.

### Jurisdiction under the Declaratory Judgment Act

The Supreme Court has recently reaffirmed its position that jurisdiction pursuant to the Declaratory Judgment Act is not automatic. Rather, a district court must exercise its discretion in determining whether to accept jurisdiction over complaints seeking a declaratory judgment pursuant to the Declaratory Judgment Act in insurance coverage cases where the same issues are also addressed in parallel state court litigation. *Wilton v. Seven Falls Co.,* 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995), affirming standard set out in *Brillhart v. Excess Ins. Co. of America,* 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942).[3] In reviewing the Declaratory Judgment Act, the Supreme Court noted:

> Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants. On its face, the statute provides that a court "may declare the rights and other legal relations of any interested party seeking such declarations...." We have repeatedly characterized the Declaratory Judgment Act as "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant...."

*Wilton,* 515 U.S. at 286–87, 132 L.Ed.2d at 223. In holding that the district court properly stayed the federal declaratory judgment action pending resolution of the state court case involving the same insurance coverage issues, the Supreme Court quoted its opinion in *Brillhart* as follows:

---

**3.** This discretionary standard for cases filed under the Declaratory Judgment Act is in direct contrast to the general standard that a district court must accept jurisdiction under other stat- utes, except in exceptional circumstances. *See Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

... "[a]lthough the District Court had jurisdiction of the suit under the Federal Declaratory Judgments Act, it was under no compulsion to exercise that jurisdiction." ... the Court explained that "ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties ..."

*Id.* at 282, 115 S.Ct. at 2140, 132 L.Ed.2d at 220. Whether the federal declaratory judgment action is dismissed, as in *Brillhart,* or stayed, as in *Wilton,* "is of little moment ... because the state court's decision will bind the parties under principles of *res judicata.*" *Id.* at 283, 115 S.Ct. at 2141, 132 L.Ed.2d at 221. The Sixth Circuit follows the Supreme Court's practice in *Brillhart* and *Wilton,* requiring district courts to exercise their discretion in determining whether to exercise the jurisdiction conferred by 28 U.S.C. § 2201(a) in insurance coverage declaratory judgment cases. *See, e.g., Allstate Ins. Co. v. Mercier,* 913 F.2d 273 (6th Cir.1990); *National Emblem Ins. Co. v. Washington,* 482 F.2d 1346 (6th Cir.1973).

■ The Supreme Court and the Sixth Circuit have set out various factors for district courts to consider in determining whether to exercise jurisdiction under the Declaratory Judgment Act in insurance coverage actions like the case at bar. Judge Katz of the Northern District of Ohio integrated the decisions in *Brillhart, Mercier* and similar cases and derived ten factors to consider in determining whether to exercise jurisdiction in insurance coverage declaratory judgment actions where related issues are before a state court. *See Empire Indem. Ins. Co., v. Specialized Foster Care Services, Inc.,* 908

F.Supp. 483, 484–85 (N.D.Ohio 1995) The ten factors are:

(1)  Whether pending state proceedings present the same issues or underlying facts;

(2)  Whether the claims of all parties in interest can satisfactorily be adjudicated in the state proceeding;

(3)  Whether determination of the issues by a federal court would interfere with the orderly and comprehensive disposition of the issues in state court;

(4)  Whether the declaratory action would settle the controversy;

(5)  Whether the judgment would serve a useful purpose in clarifying and settling the legal relations in issue;

(6)  Whether the declaratory judgment action is being used for the purpose of "procedural fencing" or to provide an arena for a race for *res judicata;*

(7)  Whether the judgment would increase friction between federal and state courts an improperly encroach upon state jurisdiction;

(8)  Whether there is an alternative remedy which is better or more effective;

(9)  Whether the state court affords an adequate remedy; and

(10) Whether the facts underlying the declaratory action are in dispute.

*Id.* at 484–85. Review of these factors in this case indicates that the Court should not accept jurisdiction of this action.[4] It is more properly before the state court.

■ The first and second factors clearly mitigate for dismissal because the state proceedings present many of the same issues

---

4.  Plaintiff contends that the Court should not apply the declaratory judgment discretionary standard in this case because it seeks recission in addition to a declaratory judgment. Thus, Plaintiff contends that the Court has no discretion to exercise and must take jurisdiction over this case. On the contrary, most circuits, including the Sixth Circuit, have determined that a complaint seeking recission of an insurance policy seeks the same relief as a declaratory judgment action and thus have treated such complaints as

actions for declaratory judgments. *See, e.g., Allstate Ins. Co. v. Springer,* 269 F.2d 805 (6th Cir.1959); *Paul Revere Life Ins. Co. v. Fima,* 105 F.3d 490 (9th Cir.1997); *Home Ins. Co. v. Dunn,* 963 F.2d 1023 (7th Cir.1992); *State Farm Mut. Auto. Ins. Co. v. Armstrong,* 949 F.2d 99 (3rd Cir.1991); *Bankers Sec. Life Ins. Soc. v. Kane,* 885 F.2d 820 (11th Cir.1989); *North River Ins. Co., Inc. v. Stefanou,* 831 F.2d 484 (4th Cir.1987); *Bankers Life & Cas. Co. v. Namie,* 341 F.2d 187 (5th Cir.1965); *Glenn v. State Farm Mut. Auto. Ins. Co.,* 341 F.2d 5 (10th Cir.1965).

and underlying facts and because the claims of all of the parties in interest may be adjudicated satisfactorily in the state proceeding. In both cases the underlying issue is whether Coregis is required to indemnify FSC and/or Ginty with respect to the claims made by the Gills. Thus, both cases will be adjudicated on the same facts and defenses. Coregis' attempt to classify the Gill's second complaint in state court as a garnishment action is misleading because its defense will necessarily raise all of the defenses and claims it asserts in its federal action. Under Ohio law, the Gills, as a subrogated judgment creditor, stand in the shoes of the insured. *Sanderson v. Ohio Edison Co.,* (1994), 69 Ohio St.3d 582, 635 N.E.2d 19.

Similarly, review of the third, fourth and fifth factors also favors dismissal of this action. Determination of the issues raised by Coregis in this action would interfere with the orderly and comprehensive disposition of the issues instate court because any judgment rendered in this Court would have a *res judicata* effect on the state court and may interfere with the comprehensive disposition of the claims of all parties. A judgment in this action may not settle the entire controversy or clarify or settle the legal relations between the parties because Coregis is asking this Court to issue a declaration or rescind one of a series of policies between Coregis and FSC. Rescinding the single policy may not resolve the questions of liability between the parties.

Both Coregis and FSC/ Ginty accuse the other of "procedural fencing" in order to provide an arena for a race for *res judicata.* Coregis filed this action well after the Gills filed their state court action but before the Gills filed their Supplemental Complaint in state court naming Coregis as a defendant. Certainly the initial Gill state court action prompted Coregis to seek a declaratory judgment in this Court, which could be interpreted as "procedural fencing" because Coregis could have sought a declaratory judgment in state court. The Gills naturally initiated their action in state court, since there was no federal jurisdiction, to enforce the settlement and assert the contract and tort claims and rights assigned to them as a result of the settlement. There is no evidence of "procedural fencing" on the part of the Gills. Over all this element mitigates in favor of declining to exercise federal jurisdiction.

Moreover, it has been generally recognized that a declaratory judgment by a federal court would be improvident while a tort action involving the same issues is pending in state court. A declaratory judgment would improperly encroach upon state jurisdiction because insurance matters are generally matters of state law, better left to state courts. *See Mercier,* 913 F.2d at 279 ("states regulate insurance companies for the protection of their residents, and state courts are best situated to identify and enforce the public policies that form the foundation of such regulations.") The state court affords Coregis an adequate remedy and affords Coregis the opportunity to present all claims and defenses which it has asserted in this Court.

Finally the facts underlying the declaratory action are in dispute. This usually mitigates toward dismissal since the parties have usually been pursuing discovery in state court. Undoubtedly discovery took place before the settlement was reached in state court. Moreover, discovery necessary to the claims against Coregis in the Gill's supplemental complaint is ongoing. Further, any relevant discovery obtained through discovery in this action may be applied in the state court.

Application of all of the factors leads to the conclusion that it would be improvident for this Court to exercise jurisdiction over Coregis' declaratory judgment/recission action. The pending state action will determine the issues that have been presented in this Court in the context of Coregis' defenses to the Gill's claims. This insurance coverage issue, along with the Gill's contract and tort claims, are better suited to the state court.

### Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss or Stay Proceedings Pending Adjudication of State Court Case (Document #26) is GRANTED and Plaintiff's Complaint and Defendant FSC's Counterclaim are DISMISSED WITHOUT PREJUDICE.

All other pending motions, as follows: Plaintiff's Motion for Leave to File Second Amended Complaint (Document # 38); Plaintiff's Motion for Summary Judgment (Document # 56); Motion of Defendants Harry Gill and Erica C. Gill for Summary Judgment (Document # 60); Motion of Frank Seringer Inc., Steven G. Luca, James J. Czarney, Scott L. Preising, Richard L. Zahratka and Donald E. Bowman for Extension of time to Respond to Plaintiff's Motion for Summary Judgment (Document # 61) are DENIED AS MOOT.

IT IS SO ORDERED.